**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

Eastern District of Kentucky
**FILED**

MAR 2 6 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.                                                    INDICTMENT NO. 6:26-CR-47-CHB

**BRANDY MEADOWS**

\*     \*     \*     \*     \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. §§ 846 & 841(a)(1)

Beginning on or about December 2023, the exact date unknown, and continuing through on or about June 11, 2024, in Pike County, in the Eastern District of Kentucky, and elsewhere,

**BRANDY MEADOWS**

did conspire with B.M., a person known to the grand jury, to knowingly and intentionally distribute controlled substances, including a quantity of pills containing oxycodone and a quantity of pills containing hydrocodone, each a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

### COUNT 2
### 18 U.S.C. § 1028A(a)(1)

On or about April 8, 2024, in Pike County, in the Eastern District of Kentucky,

**BRANDY MEADOWS**

knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, G.M., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, making a false statement in a health care matter in violation of 18 U.S.C. § 1035, knowing that the means of identification belonged to another actual person, all in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATION
### 21 U.S.C. 853
### 18 U.S.C. § 981(a)(1)(C)
### 28 U.S.C. § 2461

1.     By virtue of the commission of the felony offense alleged in Count 1 of the Indictment, **BRANDY MEADOWS** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation of 21 U.S.C. § 846 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 846. Any and all interest that **BRANDY MEADOWS** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.     By virtue of the commission of the offenses alleged in Count Two of the Indictment, **BRANDY MEADOWS** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1028A. Any and all interest that **BRANDY MEADOWS** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

3.    The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in the amount of $89,400, representing the amount of proceeds that the Defendant obtained as a result of the violations alleged in this Indictment and/or representing the value of property used to commit and/or facilitate the commission of the violations alleged herein.

4.    If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

**FOREPERSON**

**JASON D. PARMAN**
**FIRST ASSISTANT UNITED STATES ATTORNEY**

**GREGORY ROSENBERG**
**ASSISTANT UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:**   Not more than 20 years imprisonment, not more than $1,000,000 fine, and at least 3 years supervised release.

**COUNT 2:**   2 years imprisonment to run consecutively to any other term of imprisonment imposed, not more than $250,000 fine, and not more than one year supervised release.

**PLUS:**   Mandatory special assessment of $100 per count of conviction.

**PLUS:**   Restitution, if applicable.